### TOM O'BRIEN v. THE STATE.

No. 4419. Decided February 17, 1909.

Rehearing denied March 17, 1909.

**Keeping Disorderly House—General Reputation—Insufficiency of the Evidence.**

Where upon trial of keeping a disorderly house where intoxicating liquors were sold, etc., without license, the evidence did not show that defendant had any whisky in his house or place of business, after the law went into effect; and the only testimony under which the State claimed a conviction was the general reputation of the house, which seemed to have been engendered by reason of the sale of whisky prior to the time the law took effect, the conviction could not be sustained.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of keeping a disorderly house where liquors were sold, etc., without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*E. J. Smith,* for appellant.

*F. J. McCord,* Assistant Attorney-General, and *Jas. P. Haven,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with keeping a disorderly house where vinous, spirituous and malt liquors were sold under the Baskin-McGregor law without obtaining a license as required by that law. The indictment alleges that it occurred on the 16th of July, 1907. The Baskin-McGregor law went into effect on the 12th of July, 1907.

There are several questions suggested for revision, but in the attitude of the record, we deem it unnecessary to notice any of them except one, which alleges the insufficiency of the evidence to support the conviction. This we think, is well taken. Appellant had not taken out State license to sell intoxicating liquors under the Baskin-McGregor law. Without going into a detailed statement

of the testimony, no witness swears or undertakes to swear that appellant sold any whisky or had any whisky in his house or place of business after the 12th of July, 1907. In fact, the testimony shows that on the 12th of July, when the Baskin-McGregor law went into effect, appellant closed his place of business and he testifies that he packed his goods and shipped the frosty then on hand to the people from whom he had purchased it and went out of business. The State introduced, over appellant's objection, a United States Revenue license which was taken out in August, dating back to the 1st of July. This was explained in this way: Appellant had sold up to the 12th of July without having taken out United States Revenue license, and having been informed by the Federal officers that he had laid himself liable to punishment, he, in August, took out license in order to cover the time in which he had sold without license up to the time in July, None of the State's witnesses ever saw appellant sell or have any whisky in the house; and in fact, nearly all the testimony shows that when the Baskin-McGregor law went into effect, appellant closed his house and went away; that immediately after the law went into effect, appellant went out beyond Wichita Falls, and was gone some ten or fifteen days on that trip; and upon returning home, he went down to his farm, and spent the remainder of the month of July on his farm. There is quite a lot of evidence to the effect that appellant's place of business had the reputation of being a disorderly house, in that whisky could be bought there or was kept there, but this reputation only seemed to have been engendered by reason of the sale of whisky prior to the 12th of July. So the State is practically reduced to the necessity of claiming a conviction of appellant on the ground of this reputation of his house. That, in the light of the facts of this case, is not sufficient.

The details of the testimony is not given, but this is the sum and substance of it from the witnesses. This evidence does not make out a violation of the Baskin-McGregor law as charged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Rehearing denied, March 17, 1909. Reporter.]